UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOSEPH LOREN PRICE,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No. 24-CV-0385-CVE-SH |
| **STATE OF OKLAHOMA and RYAN WALTERS, in his official capacity as Superintendent of Public Instruction,** | ) ) ) ) ) |
| **Defendants.** | ) ) |

# ORDER

This matter comes on for consideration of Defendants' Motion to Transfer Venue (Dkt. # 9). Defendants ask the Court to transfer this case to the United States District Court for the Western District of Oklahoma as part of an "unusual" request to remedy the filing of this case in the wrong venue in state court. Defendants argue that the underlying state court case was improperly filed in Mayes County District Court, and they assert that it should have been filed in Oklahoma County District Court. Dkt. # 9, at 3-4. Defendants claim that they would lose the opportunity to remove the underlying state court case to federal court if this Court were to require defendants to remedy the venue problem in state court and thereafter file a notice of removal to the Western District from Oklahoma County District Court. To remedy this problem, defendants ask this Court to transfer this case directly to the Western District, rather than require defendants to remedy venue issues in state court prior to removal.

The case was originally filed by Joseph Loren Price in Mayes County District Court on June 27, 2024, against the State of Oklahoma and Ryan Walters, the Oklahoma Superintendent of Public Instruction. Price asserts federal and state constitutional claims challenging a policy announcement

by Walters requiring Oklahoma public schools to maintain a copy of the Bible in every classroom, and the policy announcement also requires that teachers incorporate the Bible into their curriculum. Dkt. # 2-1 at 3. Price alleges that he has standing to bring claims as a "concerned citizen and parent of children attending public schools in Oklahoma. Id. Price filed the case in Mayes County, where he resides, rather than in Oklahoma County where Walters maintains his office and issued the announcement. Defendants received service of process on July 17, 2024, and defendants removed the case to the Western District. The Western District case was assigned to the Honorable David L. Russell, who ordered defendants to show cause why the case had been removed to the Western District. Joseph Loren Price v. The Oklahoma State Department of Education, 24-CV-769-R, Dkt. # 5 (W.D. Okla. Aug. 15, 2024). Judge Russell noted that Mayes County is part of the Northern District of Oklahoma, and it appeared that defendants had removed the case to the wrong federal district court. On August 16, 2024, defendants filed a notice of removal in this Court attempting to remove the same state court case that had already been removed from Mayes County to the Western District. Dkt. # 2. The notice of removal failed to advise this Court of the previous notice of removal filed in the Western District. On August 26, 2024, Judge Russell remanded the Western District case to Mayes County District Case, because defendants removed the case to the wrong federal district court. Joseph Loren Price v. The Oklahoma State Department of Education, 24-CV-769-R, Dkt. # 8 (W.D. Okla. Aug. 26, 2024). Mayes County is part of the Northern District of Oklahoma, not the Western District, and the case should have removed to the Northern District.

      Defendants ask the Court to transfer this case to the Western District based on the assumption that the state court case should have been filed in Oklahoma County District Court, which is within the boundaries of the Western District. However, the Court finds that there is a fundamental

problem with defendants' request. The underlying state court case was filed in Mayes County District Court, and defendants acknowledge that they removed the case to the wrong federal district court based on the state court venue. Instead of seeking to have the Western District case promptly remanded to Mayes County District Court, defendants filed a second notice of removal of the same state court case while the underlying case was pending before Judge Russell in the Western District. The Court has reviewed the federal removal statutes, 28 U.S.C. §§ 1441-1446, and there is nothing in the statutes suggesting that it is proper to serially remove the same state court case to multiple federal district courts. When the second notice of removal (Dkt. # 2) was filed in this Court, the case was already in front of Judge Russell and there was no case to remove from Mayes County District Court to the Northern District. Defendants have cited no authority suggesting that a second removal of a case that has previously been removed to another federal district court has any effect, and the Court finds that the notice of removal in this case was improper. Defendants may be correct that plaintiff should have originally filed his case in Oklahoma County, rather than Mayes County, but this issue can be remedied in state court. See OKLA. STAT. tit. 12, § 140 ("In all cases in which it is made to appear to the court that a fair and impartial trial cannot be had in the county where the suit is pending the court may, on application of either party, change the place of the trial to some county where such objections do not exist"). Defendants should attempt to remedy the alleged state court venue error using state court procedures, which defendants may do now that Judge Russell has remanded the actual state court case back to Mayes County District Court. If and when the state court case is filed in or transferred to Oklahoma County District Court, defendants may then, if permissible, seek to remove the case to the Western District of Oklahoma.

**IT IS THEREFORE ORDERED** that this case is **dismissed without prejudice**. This is a final order terminating this case.

**IT IS FURTHER ORDERED** that Defendants' Motion to Transfer Venue (Dkt. #9) is **moot**.

**DATED** this 29th day of August, 2024.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE